IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| HKA Enterprises, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>Southeast Bridge FL Corp.,<br><br>        Defendant. | CASE NO.: _____<br><br><br><br>**COMPLAINT** |

Plaintiff HKA Enterprises, LLC ("HKA"), by and through its undersigned counsel, hereby files this Complaint against Defendant Southeast Bridge FL Corp. ("SEB"), and alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.  This action is brought pursuant to a Master Services Agreement entered into as of May 1, 2022 by and between HKA and SEB ("Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A.

2.  SEB is in breach of the Agreement and currently owes HKA over $96,431.91 for the services that HKA has rendered to SEB under the Agreement. Plaintiff seeks payment of all amounts due, including contractual late fees and reasonable attorneys' fees.

**PARTIES**

3.  Plaintiff HKA Enterprises, LLC is a limited liability company formed under the laws of South Carolina and has its principal place of business in Duncan, South Carolina. HKA provides staffing and funded payroll services to its clients. HKA has one member that is a Delaware limited liability company, which consists of one member that is a Delaware corporation with its principal place of business in Duncan, South Carolina.

4. Upon information and belief, Defendant Southeast Bridge FL Corp., is a corporation that is incorporated in Florida and has its principal place of business in Tarpon Spring, Florida. SEB is an industrial painting and contracting company.

## JURISDICTION & VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district. In addition, the Agreement giving rise to this action states that "any action arising out of this Agreement will be brought solely in any state or federal court located in Spartanburg, South Carolina." Ex. A, Agreement, Sec. 10.2.

## FACTUAL BACKGROUND

7. In May 2022, HKA and SEB entered into the Agreement pursuant to which HKA agreed to provide SEB with staffing and funded payroll services ("Services"). Ex. A, Agreement, Sec. 1.1. SEB agreed to pay for the Services at the rates specified in the Agreement. Id., Sec. 1.2, Schedule A, Sec. A.

8. HKA's funded payroll services include directly paying SEB's workers and advancing funds to ensure timely payment of SEB's workers.

9. HKA issued invoices to SEB on a weekly basis. Under the terms of the Agreement, SEB agreed to pay all invoices within seven (7) days of receipt. Ex. A, Agreement, Schedule A, Sec. D.2. SEB further agreed that overdue payments would be subject to a service charge of 18% per annum. Id., Sec. D.3.

10. On March 15, 2024, HKA provided notice that it was terminating the Agreement ("Termination Notice"), pursuant to Sec. 3.3 of the Agreement, which provides that either party may terminate the Agreement for convenience by giving not less than fourteen (14) days' prior written note. Ex. A, Agreement, Sec. 3.3. HKA further informed SEB that April 5, 2024, would be the last payroll check date. A true and correct copy of the Termination Notice is attached hereto as Exhibit B.

11. Rather than honor its contractual obligation to pay for the Services provided by HKA, which included funding SEB's payroll, SEB chose to default on paying any invoice issued by HKA following the Termination Notice. HKA's timely paid SEB's workers on March 21, March 28, and April 4, 2024. SEB without any justification decided not to pay the invoices associated with HKA paying SEB's workers.

12. On June 17, 2025, HKA issued a demand to SEB for payment of overdue amounts ("Demand Letter"). The Demand Letter included a statement of outstanding invoices and calculation of associated late fees. A true and correct copy of the Demand Letter is attached hereto as Exhibit C.

13. At no time has SEB ever asserted or claimed that HKA has not accurately stated the amounts that are owed by SEB under the Agreement.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

14. HKA repeats and realleges paragraphs 1 through 13 as if fully set forth herein.

15. The Agreement is a valid and binding contract.

16. HKA provided Services to SEB and issued timely and accurate invoices to SEB for those Services.

17. SEB has fully performed under the Agreement.

18. SEB has breached the Agreement by failing to pay for the Services that HKA rendered.

19. HKA provided SEB with notice of its breach.

20. HKA has repeatedly requested that the SEB cure its breach and pay the outstanding invoice invoices.

21. By reason of the foregoing, and as a direct and proximate result of SEB's breach of the Agreement set forth hereinabove, HKA has been damaged in an amount to be determined at trial, but not less than $96,451.90, plus reasonable attorneys' fees and costs of collection.

## FOR A SECOND CAUSE OF ACTION
## (Account Stated)

22. HKA repeats and reallege paragraphs 1 through 13, as if fully set forth herein.

23. HKA sent SEB invoices on a biweekly basis.

24. HKA's invoices are properly deemed a statement of account.

25. SEB routinely acknowledged receipt of HKA's invoices and promised to pay HKA the full amount owed.

26. In addition, HKA provided a statement of account, including late fees, on June 17, 2025. Ex. B.

27. At no time has SEB ever contested the amount that it owes to HKA.

28. The parties therefore have agreed that statement of account is a true statement and is due to be paid.

29. By reason of the foregoing, SEB is liable in an amount to be determined at trial, but not less than $96,451.90, plus reasonable attorneys' fees and costs of collection.

## PRAYER FOR RELIEF

**WHEREFORE**, HKA requests judgment as follows:

     A.     Damages in an amount to be determined at trial, but in no event less than $96,451.90, plus late fees accruing at a rate of 1.5% per month;

     B.     An award of costs and reasonable attorney fees; and

     C.     Such other and further relief as the Court deems just and proper.

                                                 Respectfully submitted,

                                               */s/ Wesley B. Lambert*
                                               Wesley B. Lambert (Fed. Bar # 11990)
                                               HUDSON LAMBERT PARROTT, LLC
                                               201 W. McBee Ave, Suite 450
                                               Greenville, SC 29601
                                               PH: (864) 235-55354
                                               weslambert@hlpwlaw.com
                                               *Attorneys for Plaintiff, HKA Enterprises, LLC*

October 9, 2025
Greenville, South Carolina